# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-00711-COA

**OSCAR LEE BAILEY A/K/A OSCAR LEE**          **APPELLANT**
**BAILEY, SR. A/K/A OSCAR BAILEY**

**v.**

**STATE OF MISSISSIPPI**          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/07/2014 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: BENJAMIN ALLEN SUBER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF TAKING POSSESSION OF OR TAKING AWAY A MOTOR VEHICLE AND SENTENCED TO SIX YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | AFFIRMED: 09/08/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., FAIR AND JAMES, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.     Oscar Lee Bailey appeals his conviction of the crime of taking possession of or taking

away a motor vehicle.  His counsel filed a *Lindsey*[1] brief, submitting that he could not find

any appealable issues.  After an independent review of the record, we agree with Bailey's

---

[1] *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005).

counsel. We therefore affirm Bailey's conviction and sentence.

**FACTS**

¶2. In early December 2012, Gladys Ketchings asked Bailey, her mechanic, to repair her 2001 Ford Taurus. Ketchings believed the vehicle was leaking transmission fluid. Bailey drove the car around to see if he could find the leak, but had no luck. He told Ketchings that he wanted to keep the car overnight and see if he could trace the leak. Ketchings testified at trial that Bailey said he would fix the car and return it. Days passed, and she never heard from Bailey.

¶3. Ketchings then tried calling Bailey several times. He never answered. Becoming more concerned, Ketchings filed a police report with the Gulfport Police Department. Around Christmas, Bailey called Ketchings and said he had taken her car out of town. He would not reveal his exact location, but he told Ketchings that he was in a small town outside of Jackson, Mississippi, where her car had broken down. Bailey told Ketchings he would fix the car after the holidays.

¶4. On January 23, 2013, Ketchings contacted the police again and said her car was still missing. She stated Jackson was the car's last known location. The police conducted an investigation but were unsuccessful in tracking Bailey or the car. At that point, the police charged Bailey with taking possession of or taking away a motor vehicle and issued a warrant for his arrest. Bailey was eventually pulled over driving Ketchings's car in Harrison County in October 2013 for an expired tag. The officer ran a warrants check on Bailey's driver's

license and discovered the outstanding charge against Bailey.

¶5.     Bailey represented himself at trial.  He testified that he had been working on cars for almost thirty years.  Bailey also testified that he often drove cars around to locate a perceived problem.  Ketchings had told him she had driven her car around the state, so he was driving her car around the state, too.  He further stated that he was liable for a civil action, but not a criminal one, since he lacked intent.  When asked why it took nearly ten months to return the car to Ketchings, he merely stated that he could not repair the car before then.

¶6.     The jury found Bailey guilty of taking possession of or taking away a motor vehicle. He was sentenced to six years' imprisonment.

## DISCUSSION

¶7.     In *Lindsey*, the Mississippi Supreme Court set out the procedure to be followed when a defendant's attorney does not find any arguable issues to support an appeal.  *Lindsey*, 939 So. 2d at 748 (¶18).  Appellate counsel must file a brief showing that counsel has thoroughly reviewed the record and has found nothing to support an appeal.  Counsel must then send his client a copy of the brief, informing the client that he found no arguable issue for an appeal, and he must advise the client of his right to file a pro se brief. *Id.*  If the defendant raises any arguable issue in his pro se brief, or if the appellate court finds any arguable issues upon its independent review of the record, the appellate court must, if circumstances warrant, require counsel to file supplemental briefing on the issue.

¶8.     Bailey's attorney filed a brief indicating that he diligently searched the procedural and

3

factual history of this action and scoured the record, searching for any arguable issues that could be presented in good faith, but he found none. Bailey's attorney asserts that he examined: (1) the reason for Bailey's arrest and the circumstances surrounding the arrest; (2) any possible violations of Bailey's right to counsel; (3) the entire trial transcript; (4) all rulings of the trial court; (5) possible procedural misconduct; (6) all jury instructions; (7) all exhibits, whether admitted into evidence or not; (8) possible misrepresentation of the law in sentencing; (9) the indictment and all the pleadings in the record; (10) any possible ineffective-assistance-of-counsel issues; and (11) other possible reviewable issues. *Lindsey*, 939 So. 2d at 748 (¶18) (citations omitted).

¶9.     Bailey's attorney complied with *Lindsey*'s requirements. He examined the record and found no arguable appellate issues. Bailey's attorney sent a copy of the *Lindsey* brief to Bailey, stating that, while he found no arguable issues, Bailey had the right to file a pro se supplemental brief. Bailey did not. We have independently reviewed the record and find no arguable issues that require supplemental briefing. As a result, we find that Bailey's conviction and sentence should be affirmed.

¶10. **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF TAKING POSSESSION OF OR TAKING AWAY A MOTOR VEHICLE AND SENTENCE OF SIX YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, JAMES AND WILSON, JJ., CONCUR.**

4